DECIDED SEPTEMBER 10, 1937.

*Astor Merritt,* for plaintiff in error. *C. B. McGarity,* contra.

## 26450. DIXON *v.* WEATHERLY.

STEPHENS, P. J. 1. The pleadings being a part of the record, the court takes judicial notice of their existence and contents. It is not necessary for the purpose of proving the existence of the pleadings or their contents that they be introduced in evidence. On the trial of an issue made by a counter-affidavit to a distress warrant, the evidence is not insufficient to authorize a finding for the plaintiff, in that neither the distress warrant nor the entry of levy was put in evidence.

2. Where, as part of a contract for rental of land at an agreed amount to be paid, a note is given by the tenant to the landlord for the amount of the rental agreed on, the note does not constitute the entire contract; but in so far as it constitutes a promise to pay an agreed amount as rental, it is merely evidentiary as an admission by the tenant of the amount of rental to be paid. Where the contract of rental is not void or invalid for any reason, it is immaterial whether or not the note which was given as evidentiary of the amount of rent was void and invalid in that it was executed on Sunday.

3. On the trial of an issue made by a counter-affidavit to a distress warrant, where it appeared from undisputed evidence that the defendant had occupied the premises as tenant for a period for which he had agreed, otherwise than by the giving of a note for the rent, to pay as rental the amount sued for, a verdict for the plaintiff in the amount sued for was demanded as a matter of law, notwithstanding neither the distress warrant nor the entry of its levy had been introduced in evidence, and notwithstanding a note which the tenant gave as evidentiary of the rent may have been invalid in that it was executed on Sunday.

4. The court did not err in overruling the motion for nonsuit, and in directing the verdict for the plaintiff.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED SEPTEMBER 10, 1937.

*William B. Kent & Son,* for plaintiff in error.
*Newt Gaskins,* contra.