38647. STATE OF GEORGIA *et al.* v. SMALLWOOD.

NICHOLS, Judge. 1. The "Revenue Bond Law" (Ga. L. 1937, p. 761; *Code Ann.* Ch. 87-8), setting forth the procedures when municipalities desire to issue revenue bonds provides: That within six months after the resolution is passed authorizing such bonds written notice of such fact shall be given to the solicitor-general (or in certain cases the Attorney-General, *Code Ann.* § 87-815), and that within twenty days after such notice is received the solicitor-general, or the Attorney-General as the case may be, shall file a petition in the name of the State in the superior court of the county wherein such municipality is located to have such bonds validated. *Code Ann.* § 87-816.

2. Where the solicitor-general, or the Attorney-General, fails to file such petition within the twenty day period, any petition filed, without a prior order of court directing such filing, is a nullity. See *Roff v. Town of Calhoun*, 110 Ga. 806 (36 S. E. 214).

3. Where the failure to file such petition within the requisite twenty-day period is not because of the fault or negligence of the municipality on application of the municipality in writing and upon a showing of such fact the superior court is authorized to order the solicitor-general to file such petition within ten days thereafter. *Code Ann.* § 87-822.

4. Any citizen of this State who is a resident of the municipality seeking to have bonds validated may become a party

to such proceeding and oppose the validation of such bonds. *Code Ann.* § 87-818.

5. The superior court may upon its own motion take cognizance of what has transpired on a former hearing of the case (*Howell v. State,* 162 Ga. 14, 20, 134 S. E. 59; *Reserve Life Ins. Co. v. Peavy,* 98 Ga. App. 268, 272, 105 S. E. 2d 465), and the pleadings, being a part of the record, are judicially recognized by the court and need not be introduced in evidence. *Dixon v. Weatherly,* 56 Ga. App. 406 (1) (195 S. E. 830).

6. Under the above authorities an intervention filed by a resident and taxpayer of the municipality proposing to issue revenue bonds which seeks to have the validation denied and the proceedings dismissed because such petition was not filed in conformity with such laws is not subject to demurrer.

7. A final judgment that denies the judgment validating the bonds is not error where the solicitor-general, who is required to file such petition within twenty days after being served with notice of the resolution proposing the issuance of such bonds, has failed to timely file such petition and the written application of the municipality (a part of the record), seeking to have such petition filed shows on its face that such petition was not timely filed because of its "mistake and misunderstanding of time limitations."

*Judgment affirmed. Felton, C. J., and Bell, J.; concur.*

DECIDED MARCH 9, 1961—REHEARING DENIED MARCH 20, 1961.

*Alfred A. Quillian, Solicitor-General, E. C. Stark, J. C. Murphy,* for plaintiffs in error.

*Guy B. Scott, Jr.,* contra.