## 50193. CHRISTY et al. v. THE STATE.

MARSHALL, Judge.

Appellants contest the revocation of their probation on the grounds that: (1) there was insufficient evidence, (2) their photographic identification by a victim was improperly suggestive, (3) they were denied counsel of their choice at a lineup, (4) their right of cross examination was unlawfully restricted, and (5) due

process required that their guilt be found beyond a reasonable doubt.

On June 14, 1973, appellants were convicted on their pleas of guilty of the offense of theft by taking and sentenced to confinement for a period of four years to be served on probation. On May 15, 1974, their probation supervisor filed a delinquency report with the superior court judge recommending revocation of the probation for violations of one of the terms of their probation, to wit: violation of the criminal laws of any governmental unit. The report specified ten separate burglaries allegedly committed by the appellants within the six-month period following their convictions.

A revocation of probation hearing was held pursuant to Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440 (Code Ann. § 27-2713). At its conclusion, the court adjudged that the terms of the probation had been violated, revoked the probation, and required appellants to serve the balance of their sentences.

The state's evidence consisted of the testimony of two victims of the burglaries, police detectives and an accomplice. The first victim related that his house was broken into and he found several items missing, including a mini-bike. He later identified a mini-bike found by police at the home of one of the appellants as the same one stolen from his house.

The second victim testified that when she came home from a shopping trip she surprised three men at her house who were in the process of burglarizing it. At a later interview with the police she was shown fifteen photographs that included two photographs each of the appellants. Later at a lineup she identified the two appellants, but at the time seemed to be unsure of her identification. This victim made positive in-court identification of the two appellants.

The state also introduced testimony of an accomplice who stated that he participated with the appellants in most of the burglaries alleged on the revocation report. This witness specifically recalled the appellants' presence and active participation in the burglaries of two victims who had previously testified. *Held:*

1. "Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32;

1960, p. 857; 1966, p. 440) establishes the procedure in cases of this nature. The cases applying this statute are uniform in holding that the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126). Only slight evidence is required to authorize revocation (*Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790)), and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. *Rowland v. State,* 124 Ga. App. 494 (3) (184 SE2d 494); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582)." *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504). The evidence in this case is sufficient to show that the trial court did not abuse its discretion in revoking the appellants' probation.

2. Even if the photographic identification procedure allegedly followed by the investigator was improper (there is a conflict of evidence on this point), and we disregarded the victim's testimony as to that burglary there remains sufficient evidence upon which to revoke probation. Since corroboration of an accomplice is a question of credibility of the witness and of weight and sufficiency of evidence, we see no reason why, in a revocation hearing, uncorroborated accomplice testimony should not be granted "slight evidence" status. This is especially true since the rules of evidence (i.e. the corroboration rule, Code § 38-121) of normal criminal proceedings are not applicable to this hearing, and since evidentiary matters are within the *discretion* of the trial judge. See, *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582); *Cooper v. State,* 118 Ga. App. 57, 58 (162 SE2d 753); *Sellers v. State,* 107 Ga. App. 516, supra; *Atkinson v. State,* 82 Ga. App. 414, 416 (61 SE2d 212). However, where uncorroborated accomplice testimony is shown to inherently lack credit, or is sufficiently controverted (neither being shown in this case) an abuse of discretion may become manifest.

3. For the same reason, even if we disregard the victim's testimony because her identification of the appellants occurred at a lineup where appellants' counsel

of choice was not present (though an attorney was present on their behalf), the remaining evidence is sufficient to uphold the revocation.

4. A review of the record indicates that there was no abuse of the trial court's discretion in limiting appellants' rights to cross examine the state's witnesses to those matters which were relevant. "A trial judge may confine the cross examination of a witness to questions relevant to the issues on trial." *Morgan v. State,* 211 Ga. 172 (3) (84 SE2d 365).

5. The rule in this state has been that as to revocation of probation "it is not necessary that the evidence support the finding *beyond a reasonable doubt* or even by a preponderance of the evidence." *Cooper v. State,* 118 Ga. App. 57, 58, supra. (Emphasis supplied.) "The evidence did not have to exclude every other hypothesis than that of the guilt of the accused. In other words, the court did not have to be convinced beyond a reasonable doubt that defendant had violated a condition of his probation in order to revoke it." *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37). Nothing in *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841); *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221); Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656); Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484); Mempa v. Rhay, 389 U. S. 128 (88 SC 254, 19 LE2d 336) requires a different result.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED APRIL 8, 1975.

*Roy E. Barnes,* for appellant.

*George W. Darden, District Attorney, P. Samuel Huff, Assistant District Attorney,* for appellee.