## 51000. BOYD v. THE STATE.

BELL, Chief Judge.

The defendant appeals from an order revoking his probation. *Held:*

1. It is contended that the evidence is insufficient to support the order of revocation because there is no proof that defendant was ever placed on probation or what the terms of the probation were. Attached to the petition for revocation, as an exhibit, is an order placing defendant on probation on his conviction for burglary, speeding and simple battery, and one of the conditions of the probation was that defendant violate no state law. At the revocation hearing, the probationary order was not formally offered in evidence. The pleadings are a part of the record, and are judicially noticed by the court and need not be introduced in evidence. *State of Ga. v. Smallwood,* 103 Ga. App. 400 (119 SE2d 297).

2. The petition alleged that defendant violated the terms of his probation by escaping from the lawful custody of a deputy sheriff. At the revocation hearing, an escape from custody was established and on appeal defendant admits it. Nevertheless, he contends that the custody imposed at the time of escape was unlawful. It was shown that subsequent to the earlier conviction for which he was placed on probation, the defendant was convicted for burglary and sentenced to 12 months confinement in the State "Penitentiary." Defendant was committed to serve his sentence in a Cobb County correctional institution rather than the State Penitentiary. He later was granted a "medical furlough" by the trial court from which he did not return voluntarily and was later reconfined in the Bartow County jail and while in the custody of a deputy

outside the confines of the county jail he escaped. Even assuming that the trial judge was without authority or jurisdiction to change the place of confinement from a state to a county facility or to grant the furlough, the defendant was still under a lawful sentence to confinement by reason of his burglary conviction. Where one is confined by lawful authority, it is his duty to submit until delivered by due process of law. *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69). At most there may have been an irregularity in the manner and place of confinement or custody but this would not render the custody unlawful. See 30A CJS 883, 884, Escape, § 5.

3. All other enumerations and contentions are without merit.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 22, 1975 — REHEARING DENIED OCTOBER 8, 1975 —

*McDonald & Dupree, Hylton B. Dupree, Jr., James D. Stokes, Barry Staples,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.