## 54771. WELLONS v. THE STATE.

McMurray, Judge.

The defendant was, by accusation, charged with a number of misdemeanor offenses to which he entered a plea of guilty, the same being speeding (two counts), attempting to elude a police officer, "drunk on highway," and the offense of abandonment of minor child. He was sentenced to serve 12 months on each of the traffic charges, suspended upon payment of fines; the total amount of the fines being $416. He was also sentenced to serve 12 months on the abandonment of minor child charge with the sentence suspended during the minority of the child upon defendant's immediate payment of $47 court costs and payment of $150 per month child support to be paid into court beginning January 1, 1977. Efforts were made by the probation and parole supervisor to have the defendant pay any amount he was able to pay on the fines and child support. Rules nisi issued to show cause

why the suspended feature of his sentences should not be revoked due to his nonpayment of child support as to the abandonment case and due to his failure to pay the fines in the other cases. At the hearing it was shown that the child support was $690 in arrears at the time of the hearing, the defendant having paid only $210 against the monthly payments of $150 per month. As to the fines and court costs it was shown he had a balance of $383 owing. There was testimony that he had since been guilty of the offense of making terroristic threats. However, during the hearing, the trial court removed the issue of terroristic threats from consideration and proceeded solely on the grounds of failure to pay child support and failure to pay the fines. Defendant appeals the revocation of the suspended feature of his sentences. *Held:*

1. It is well settled that although there are requisites to be met such as notice to the probationer and an opportunity to be heard on the question as to whether the probationer violated the terms of probation, the proceedings may be informal or summary and the hearing need not meet the requisites of a jury trial. See *Rainwater v. State,* 127 Ga. App. 406, 407 (193 SE2d 889); *Dutton v. Willis,* 223 Ga. 209, 211 (154 SE2d 221). The evidence at such hearing need not support the finding beyond a reasonable doubt or even by a preponderance of the evidence but only that it be some evidence for the judge to consider as the sole trier of fact. See *Christy v. State,* 134 Ga. App. 504-507 (215 SE2d 267); *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393). The above would apply also to the revocation of the suspended feature of a sentence.

2. The remaining enumeration of error raised by the defendant is that the court erred in denying him a continuance or postponement until December 1, 1977 from June 8, 1977, the date of the hearing, on the ground that one of his key witnesses was unavailable to him. This particular witness had been subpoenaed. See Code § 27-415. Denial of a motion for continuance on the ground of an absent witness lies within the discretion of the trial court and unless manifestly abused the denial thereof will not be disturbed. See *McCrary v. State,* 229 Ga. 733 (2) (194 SE2d 480). We see no error since the defendant had previously pled guilty, and the evidence was ample to

support the findings of the court that he had failed to diligently attempt to pay the fines, court costs and child support.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED DECEMBER 1, 1977.

*Robert E. Bergman,* for appellant.
*Austin J. Kemp, II, Solicitor,* for appellee.