## 32550. JOHNSON v. THE STATE.

Jordan, Justice.

The question presented on this certiorari to the Court of Appeals is whether the principles of collateral estoppel and double jeopardy preclude the use of a crime, for which the probationer has been acquitted by a jury, as a ground for revocation of probation. See *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977).

The petitioner, while serving a four-year sentence

imposed on July 16, 1973, was indicted in April, 1976, charging him with the crime of burglary. Subsequent thereto, and prior to the trial, a petition for revocation of the previous probated sentence based on the indictment was filed. On June 28, 1976, the petitioner was tried before a jury on the charge of burglary and acquitted.

Both parties stipulated that the evidence produced on the trial under the burglary indictment would be the same evidence upon which the judge would conduct the probation revocation hearing. After such hearing on July 1, 1976, the trial court entered an order revoking the balance of the petitioner's probation.

On appeal to the Court of Appeals the petitioner contended that the trial court erred by revoking the probation and committed reversible error by subjecting the petitioner to double jeopardy in violation of the State and Federal Constitutions. The Court of Appeals in a six-three opinion affirmed the judgment of the trial judge revoking the petitioner's probation.

We granted certiorari, this being a case of first impression in Georgia based on this factual situation.

Both the majority opinion and the dissenting opinions in the Court of Appeals fully discuss the applicable authority. The case was well briefed in that court and in this court. We have concluded that the result reached by the majority opinion of the Court of Appeals was correct and we affirm.

We adopt the language of the Supreme Court of the United States in the case of Morrissey v. Brewer, 408 U. S. 471, 480 (1972), cited by the Court of Appeals, which states: "The revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."

Before a jury is authorized to convict, evidence must be presented which will establish guilt of the defendant beyond a reasonable doubt. Even when this is done a jury has the power to acquit. This quantum of evidence is not necessary to justify the revocation of a sentence of

probation.

*Judgment affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED SEPTEMBER 12, 1977 — DECIDED JANUARY 19, 1978.

*Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, William H. Lumpkin,* for appellee.