## 58411. BALDWIN v. THE STATE.

SHULMAN, Judge.

Defendant appeals from an order revoking his probation. We affirm.

1. Appellant submits that the state's failure to present evidence of defendant's probation and the terms of such probation mandates reversal. We disagree.

Attached to the state's petition for revocation, as an exhibit, was an order placing defendant on probation. The conditions of defendant's probation were also set out in the order (e.g., payment of fine, drug treatment and counseling). Although the probationary order was not formally offered in evidence at the revocation hearing, such a formal offer of proof was not necessary. "The pleadings are a part of the record, and are judicially noticed by the court and need not be introduced in evidence. [Cit.]" *Boyd v. State,* 136 Ga. App. 74 (1) (220 SE2d 25).

2. The evidence adduced at trial through the testimony of defendant's probation officer showed that defendant had failed to pay his fine or report to his probation officer in compliance with the probationary order. Since only slight evidence of violation is required to authorize revocation, the judgment of the trial court will not be disturbed on appeal. See *Weir v. State,* 145 Ga. App. 618 (244 SE2d 123).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 24, 1979.

*James A. Satcher, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.