## 59374. EVANS v. THE STATE.

SHULMAN, Judge.

Defendant appeals the revocation of his probation based upon his alleged commission of a burglary, for which offense he had not been tried at the time of the revocation hearing. He submits that the trial court's refusal (upon defendant's motion) to postpone the revocation hearing until after the disposition of the burglary charge contravened principles of due process and fundamental fairness. Defendant does not complain on appeal of the sufficiency of the evidence upon which the court revoked defendant's probation.

Under the authority of *Johnson v. State*, 142 Ga. App. 124 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53); U. S. cert. den., 439 U. S. 881; and *Dickerson v. State*, 136 Ga. App. 885 (222 SE2d 649), we affirm the order of the trial court revoking defendant's probation.

In *Johnson*, this court affirmed the trial court's revocation of defendant's probation based upon defendant's alleged commission of a burglary, despite the fact that defendant was found not guilty of the burglary offense prior to the revocation hearing. *Johnson* held that such actions did not subject the defendant to double jeopardy in violation of the 5th and 14th Amendments of the United States Constitution, stating that "a probation revocation hearing is only a hearing to determine whether the conduct of the defendant during the probation period has conformed to the terms and conditions outlined in the order of probation." Id., p. 127. Citing United States v. Clanton, 419 F2d 1304 (5th Cir. 1969), this court held that "[a]ll that is required [to revoke probation] is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." Id., p. 125.

"It would indeed be ridiculous to hold (as appellant would have us do) that where an act on which the revocation is based is a felony, that it is erroneous for the hearing judge to have based the revocation on that accusation unless the accused shall have first been tried and found guilty of the criminal charge. To hold that

would be to elevate a felony to a legal status more respectable than an ordinary and reasonable condition expressed in a probationary sentence, the violation of which would not constitute even a misdemeanor." *Dickerson v. State,* supra, p. 886.

The order of the trial court must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 6, 1980.

*Vicki C. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.