## 59687. KING v. THE STATE.

SHULMAN, Judge.

Defendant appeals the revocation of his probation. We affirm.

1. The petition for revocation of defendant's probation listed as grounds for such revocation defendant's alleged commission of the offense of theft by shoplifting, and defendant's consumption of alcoholic beverages in violation of the terms of his probation.

Appellant submits that inasmuch as such revocation was based (at least in part) upon his alleged commission of a crime for which he had not yet stood trial and been found guilty, the revocation contravened principles of due process and fundamental fairness. This issue is controlled adversely to appellant's contentions in *Evans v. State,* 153 Ga. App. 764 (1980), wherein this court upheld the trial court's revocation of probation based upon charges of criminal activity for which the defendant had not been tried and found guilty. Thus, even assuming there was no evidence to warrant the revocation of defendant's probation on the basis of his alleged consumption of alcohol (which issue the defendant does not address), we find no error in the trial court's predicating the revocation of defendant's probation upon a pending criminal

charge.

2. Appellant does not contest the sufficiency of the evidence upon which the trial court revoked his probation, under the "slight" evidence test, but does complain that the standard by which the sufficiency of the evidence is determined is violative of due process in that it is less than that necessary to sustain a conviction. Appellant submits that principles of due process mandate a greater degree of proof upon which to premise a revocation of probation.

In rejecting the same argument previously, this court held that " '[o]nly slight evidence is required to authorize revocation [cit.], and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. [Cits.]' " *Christy v. State,* 134 Ga. App. 504, 506 (215 SE2d 267).

Appellant does not argue that there was no evidence to support the revocation of his probation. Indeed, in view of the inculpatory evidence presented at defendant's revocation hearing, we find that the trial court was authorized to revoke defendant's probation. *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53).

Finding no error, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED MAY 7, 1980.

*George W. Griffith,* for appellant.

*J. W. Morgan, District Attorney, J. Lynn Rainey, Assistant District Attorney,* for appellee.