## 61346. BARRON v. THE STATE.

McMURRAY, Presiding Judge.

In this case the defendant was originally sentenced for public drunkenness to serve 12 months. He was also sentenced for simple battery to serve 12 months on probation, consecutive to sentence received on the same date for the public drunkenness offense, provided the defendant "does not violate the criminal laws of any governmental unit during said period." On the same date, defendant

was sentenced for criminal damage to property in the second degree, to serve 5 years on probation provided the defendant "does not violate the criminal laws of any governmental unit during said period," and makes restitution and pays attorney fees of $200, "all in accordance with the sentence of probation." However, the "Sentence of Probation" (a separate document) showed a requirement that he serve 12 months in a correctional institution, 12 months probation consecutive, and 5 years probation consecutive to the other sentences. It is noted from the record that the sentence first referred to above as to the 5 year sentence failed to set out that this 5 year sentence was consecutive. Consequently, same is really a concurrent sentence. *The probation was to begin immediately upon release from incarceration and* the defendant to pay a $200 fine, $1,500 restitution to be paid at the rate of $35 per month beginning upon release from incarceration. All of these sentences were dated July 27, 1979.

On September 21, 1979, a petition for revocation of probation was filed against him alleging that he had violated the terms and conditions of probation in that he escaped from Cobb County Public Work Camp on "8/13/79."

On October 5, 1979, following a hearing, the defendant was required to serve the "revoked 12 months additionally" in the correctional institution and that probation was to begin immediately upon release.

On March 4, 1980, the State Board of Pardons and Paroles executed an "Order of Reprieve and Order of Conditional Commutation," stating therein that his maximum (prison) sentence would expire April 4, 1980, his sentence to be stayed beginning March 12, 1980, and ending on the maximum sentence date shown above (April 4, 1980). The sentence was then commuted to present service effective on the maximum sentence date, "under the authority vested in the State Board of Pardons and Paroles, and in the best interests of the individual and of society. *Said commutation does not affect probated portion of sentences,* or fines if any." (Emphasis supplied.)

Thereafter, another petition for revocation of probation was filed on May 19, 1980, charging that the defendant had violated the terms and conditions of probation on May 15, 1980, in that he was under the influence of alcoholic beverages, did commit the offense of public drunkenness and did further commit the offense of "Peeping Tom," that is, peeping through certain windows at a motel "thereby invading the privacy of said motel's occupants." Following a full hearing the trial court on May 23, 1980, determined that the defendant violated his sentence of probation "by being under the influence of intoxicants and committed the offense of [Code Ann. §] 26-3002 [Ga. L. 1968, pp. 1249, 1328], Peeping Tom," and 2 years of

his probated sentence was revoked. Defendant appeals. *Held:*

It is noted here that defendant's entire 5 year probated sentence (less 1 year served or commuted to April 4, 1980) was not revoked but only 2 years thereof. Defendant seeks to enumerate error in that the evidence did not authorize revocation and was insufficient to sustain the court's finding; the testimony of the officer was merely opinion that he was intoxicated and that the trial court erred in admitting hearsay testimony in two instances. However, in a revocation of probation hearing the trial court as the trier of fact has a very wide discretion and evidence of misconduct of the probationer is sufficient where no manifest abuse of discretion has been shown. See *Christy v. State,* 134 Ga. App. 504, 506 (215 SE2d 267); *Patat v. State,* 142 Ga. App 398, 399 (236 SE2d 143). Sufficient evidence existed in this case to revoke probation, and the trial court did not abuse its discretion. Code Ann. § 27-2709 (Ga. L. 1972, pp. 604, 609; 1980, pp. 1136, 1137). Moreover, the trial court could have revoked any or all of said sentence. There is no merit in any of the enumerations of error under the circumstances.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided March 17, 1981 — Rehearing denied April 1, 1981 —

*Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney, C. Gregory Culverhouse, Assistant District Attorney,* for appellee.