## 37619. THE STATE v. BRINSON.

PER CURIAM.

We granted certiorari to review the determination of the Court of Appeals that the instant case must be remanded to the trial court "for entry of a written statement . . . showing the evidence relied upon and the reasons for revoking defendant's probation;" *Brinson v. State,* 158 Ga. App. 189 (279 SE2d 488) (1981).

1. In Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972), the U. S. Supreme Court set forth the following minimum requirements of due process in parole revocation proceedings: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) *a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."* (Emphasis supplied.) These requirements were extended to probation revocation proceedings in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973).

The petition for revocation of probation in the case at bar alleges "[t]hat the Defendant has violated the following terms and conditions of probation in the following particulars: Violate no State, local or Federal laws & be of general good behavior. 1. Accused of Theft By Taking against Victor Harris by taking $20 from him. 2. Violated State law by having in his possession & selling to Victor Harris a firearm (.32 caliber Smith & Wesson). 3. Arrested 9-5-80 by Covington P.D. for Burglary, 2 cts. against victims Robert Allen and W. D. Ballard. 4. Burglary 8/28/80 Dr. Sigman's clinic. Maintain steady employment. 1. Failure to maintain steady employment."

The revocation hearing was reported and transcribed, and the transcript is part of the record. At the conclusion of the hearing, the trial court stated: "I'll find that the State has proved each and every allegation. I'll revoke the probationer's sentence and order that he serve the balance in confinement." Thereon, the court entered the following order: "A petition for the revocation of probation of the defendant in the above-styled case having been duly brought before the Court, and notice thereof having been given to the defendant; and a hearing having been held respecting the matters set forth in said petition, it is hereby adjudged, based upon the evidence and testimony presented that the defendant has violated his probation as

set forth in the petition."

In our view, the record in this case satisfies the requirements of Morrissey and Gagnon with regard to a "written statement." From the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation. Given this fact, it was unnecessary for the trial court to commit his findings to a separate piece of paper. We do not construe Morrissey and Gagnon as elevating a superfluous exercise to the level of due process. United States v. Morgan, 595 F2d 1134, 1138 (9th Cir. 1979).

2. Georgia adheres to the "slight evidence" rule in probation revocation proceedings. See, e.g., *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977), affd. s.c. 240 Ga. 526 (242 SE2d 53) (1977). The evidence in this case satisfies the applicable standard.[1]

3. The defendant asserts that the trial court erred in revoking the entire balance of his probation. He labels this action "overzealous" because he "will be adequately punished on the alleged charges themselves if found guilty." No authority has been cited for this position and we have found none. The defendant had been given a twenty year sentence for burglary, with seventeen years to be served on probation. Code Ann. § 27-2713 provides for revocation of probation where the conditions of probation have been violated. By challenging the action of the trial court in this case, the defendant in effect challenges the legality of a twenty year sentence for burglary. This effort must fail. See *Brand v. Wofford,* 230 Ga. 750, 754 (199 SE2d 231) (1973).

4. In his remaining enumeration, the defendant asserts that the judgment of the trial court must be reversed because "there was insufficient evidence introduced of [his] having been placed on probation. " The defendant is correct that a copy of his burglary sentence was not introduced into evidence. However, this was not required. The burglary sentence is included in the record. "[A] court may take judicial notice of its own records in the immediate case or proceedings before it. *Branch v. Branch,* 194 Ga. 575, 577 (22 SE2d 124); *Roberts v. Roberts,* 201 Ga. 357, 359 (39 SE2d 749); *Woodruff v. Balkcom,* 205 Ga. 445 (2) (53 SE2d 680)." *South America Managers, Inc. v. Reeves,* 220 Ga. 493, 495 (140 SE2d 20) (1965); *Boyd v. State,*

---

[1] Although the petition for revocation states that the defendant was "Accused of theft by taking . . ." and "Arrested . . . for Burglary," it is apparent that the trial court's finding with respect to these allegations relates to the offenses charged and not the accusation or arrest. The pertinent evidence presented at the probation revocation hearing related solely to the commission of the offenses, and defense counsel's closing argument clearly reflects his understanding that the question before the court was whether sufficient evidence had been presented in this regard.

136 Ga. App. 74 (220 SE2d 25) (1975).

5. The judgment of the Court of Appeals is reversed with direction that the judgment of the trial court be affirmed.

*Judgment reversed with direction. All the Justices concur, except Hill, P. J., and Smith, J., who concur in part and dissent in part. Weltner, J., not participating.*

DECIDED OCTOBER 27, 1981.

*J. W. Morgan, District Attorney, Charles E. Day, Assistant District Attorney,* for appellant.
*Samuel D. Ozburn,* for appellee.

SMITH, Justice, concurring in part and dissenting in part.

While I agree with the reasoning of Divisions 1, 3 and 4 of the majority opinion, I believe the "slight evidence" rule currently applicable to probation revocation proceedings in this state should be discarded. "For the reasons expressed in Judge Webb's dissenting opinion in *Dickerson v. State,* 136 Ga. App. 885, 887-897 (222 SE2d 649) (1975), I strongly believe the 'preponderance of the evidence' test should have been applied in determining whether [the defendant] violated the terms of his probation." *Mingo v. State,* 155 Ga. App. 284, 287-288 (270 SE2d 700) (1980) (Smith, Judge, dissenting). This widely accepted standard is succinctly stated in ABA Standards, Probation § 5.4 (a) (1970): "The court should not revoke probation without an open court proceeding attended by the following incidents: . . . (iii) where the violation is contested, establishment of the violation by the government by a preponderance of the evidence."

I would vacate the judgment and remand the case for redetermination based upon this standard.

I am authorized to state that Presiding Justice Hill joins in this dissent.