DECIDED JUNE 29, 1983.

*Lucinda Stevens,* pro se.
*Michael J. Bowers, Attorney General,* for appellee.

## 65772. STEVENS v. THE STATE.

CARLEY, Judge.
Appellant originally pled guilty to a three count indictment charging him with simple battery, carrying a concealed weapon, and terroristic threats. As to count three, appellant was sentenced to four years probation and a fine of $400 and restitution of $250 payable in monthly installments of $20, and, as to counts one and two, twelve months probation, to run concurrently with the sentence on

count three. Revocation of probation proceedings were subsequently initiated and two petitions were served on appellant. The allegations of the second petition were that appellant had failed to make any of the required payments, and had violated the criminal law by cutting an individual with a box cutter in Milledgeville, Georgia. After a hearing, appellant's probation was revoked. Appellant appeals.

1. Appellant asserts that the "slight evidence" standard of proof required to revoke a defendant's probation is unconstitutional, contending that this standard denies him due process of law as guaranteed by the Constitution of the United States. This assertion has recently been addressed and decided by this court adversely to appellant. *Mingo v. State,* 155 Ga. App. 284, 286 (2) (270 SE2d 700) (1980).

2. Appellant next contends the trial court erred in admitting into evidence the second "invalid" revocation petition issued by the state. This is asserted to be error because the first petition was never dismissed and was, accordingly, the only valid revocation petition.

The evidence shows that on July 19, 1982, the first petition to revoke probation was filed and served on appellant. This petition apparently alleged that appellant was sentenced in Milledgeville, Georgia, for disorderly conduct and that he had not paid anything on the fine or restitution owed by him. Appellant was then served on August 6, 1982, with the second petition alleging that "[o]n March 19, 1982 [appellant] cut Larry Brown with a box cutter in Milledgeville, Baldwin County, Georgia. [Appellant] has failed to pay anything on his fine." The state obtained a signed acknowledgment of receipt of this second petition by appellant. At the probation revocation hearing, the state clearly proceeded upon the second petition and conceded that the first petition was without force and effect.

There is no contention that, by issuing the second petition, the state was attempting to confuse or trick appellant. Instead, it appears that the state discovered that there was a defect in the first petition to revoke probation and then attempted to correct it by issuing the second petition. Furthermore, appellant clearly had adequate notice, as the evidence is undisputed that the second petition was served on appellant personally. It is of no consequence that appellant, rather than his attorney, was served with the second petition. " 'Due process requires that a *defendant* be given written notice of the claimed violation of his probation prior to the revocation hearing. [Cit.]' " (Emphasis supplied.) *Harrell v. State,* 162 Ga. App. 111, 112 (290 SE2d 213) (1982).

Although the appellant argues that the existence of the first undismissed probation revocation petition invalidates the subsequent petition, we find that the trial court did not err in pro-

ceeding upon the subsequent petition. In analogous situations, this court has held that there is no error in proceeding upon a subsequent indictment or accusation in a criminal case while a previous indictment or accusation is still pending. *State v. Cooperman,* 147 Ga. App. 556 (249 SE2d 358) (1978); *Irwin v. State,* 117 Ga. 706 (45 SE 48) (1903). We hold that the same rule should apply in probation revocation cases where, as in the instant case, two petitions have been filed and served in the absence of a showing of confusion or failure to give notice by the state. Compare *Sosbee v. State,* 155 Ga. App. 196 (270 SE2d 367) (1980).

3. Appellant finally asserts that the evidence is insufficient to authorize the revocation of his probation. As discussed in Division 1, only slight evidence of violation of probation is necessary to revoke probation. *Mingo v. State,* supra. The evidence at the hearing included the testimony of Larry Brown, who testified that appellant cut him on the arm with a knife or box cutter, inflicting wounds in three separate places. The police officer who investigated the incident testified that, following the report of the incident, he apprehended and arrested appellant about two blocks from the site of the incident. The officer, during the course of a "pat down" search, discovered an open, blood-covered box cutter in appellant's possession. Furthermore, it is undisputed that appellant had not paid any money owing on the fine imposed in connection with his previous conviction. The evidence in the instant case authorized the trial court's revocation of appellant's probation. *Mingo v. State,* supra; *Christy v. State,* 134 Ga. App. 504, 506 (215 SE2d 267) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 29, 1983.

*George M. Stembridge, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.