## 66667. GRAVES v. THE STATE.

SOGNIER, Judge.

Revocation of probation. Appellant contends on appeal that he was denied due process of law by being deprived of his right to confront the witnesses against him and by the trial court's failure to make written findings of fact.

On November 5, 1980 appellant pleaded guilty to theft by receiving and was sentenced to seven years confinement, two to serve and five years on probation. On April 22, 1982 the state filed a petition for revocation of probation alleging that appellant violated his probation by failing to report to his probation officer as directed; by committing the offenses of armed robbery and theft of a motor vehicle; and by leaving the State of Georgia without prior permission of his probation officer.

1. Appellant first contends he was denied his right to confront witnesses against him. However, on May 12, 1982 a revocation of probation hearing was held in the Superior Court of Ware County. The victim of the armed robbery and motor vehicle theft, appellant's probation officer, and a GBI agent who took appellant into custody in Phoenix, Arizona pursuant to a fugitive warrant, all testified as witnesses at the hearing. Appellant was present and represented by counsel at the hearing, and was given full opportunity to confront and cross-examine the witnesses against him. Hence, this enumeration of error is without merit.

2. Appellant's contention that the trial court did not state in its written findings of fact what evidence was relied on in arriving at its

findings is also not supported by the record. The findings of fact state that a hearing was held and the findings were based on the witnesses who appeared, the evidence presented and the arguments of counsel. Our Supreme Court has held that where a revocation hearing was recorded and transcribed, a statement similar to the court's statement here was sufficient to meet the requirements of Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484), and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656), even in the *absence* of written findings of fact. *State v. Brinson,* 248 Ga. 380-381 (1) (283 SE2d 463) (1981). Thus, the enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 11, 1983.

*James D. Clark,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.