COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
Coy P. Crowe appeals from the denial of his petition for a writ of habeas corpus. On January 27, 1994, the appellant was served with a disciplinary charge for “fighting without a weapon”. A disciplinary hearing was held on February 5,1994. The appellant was found guilty and was sentenced to 25 days’ disciplinary segregation. He was served with the disciplinary on February 15, 1995, and he began serving his time in segregation. It appears that the appellant was released from segregation before serving his entire 25-day sentence, however, because on February 28, 1994, the appellant was notified that his probation from segregation was being revoked because he had received another disciplinary.
The appellant seems to contend that his right to due process was violated when his probation was revoked. This same issue was addressed in Foster v. Shinbaum, [Mag.Op. CV-91-G-2235-S, July 31, 1992] (N.D.Ala.1992). In that case, the court stated:
“The analysis of plaintiffs due process claim must begin by determining whether plaintiff had a protected liberty interest in *113 remaining on probation from administrative segregation. An inmate may claim the protection of the due process clause only if the state deprives him of a property or liberty interest that is a legal entitlement under state or federal law. Meachum v. Fano, 427 U.S. 215 [96 S.Ct. 2532, 49 L.Ed.2d 451] (1976). Whether state law, regulation, policy, or practice creates such an interest depends on whether substantive limitations have been placed upon official discretion. Hewitt v. Helms, 459 U.S. 460, 468 [103 S.Ct. 864, 74 L.Ed.2d 675] (1983); Whitehom v. Harrelson, 758 F.2d [1416] 1426 (11th Cir.1985). The plaintiff does not challenge the process that was used in ordering the original confinements to administrative segregation. Foster’s only complaint is that his probation was revoked and he remained in administrative segregation even though he was found not guilty of the robbery charges. In essence he is complaining about the policies and procedures for granting and revoking probation from administrative segregation. Neither party has supplied the court with evidence of policies, regulations or practices which relate to revocation of probation and they are not included in Administrative Regulation # 433 which relates to administrative segregation or Administrative Regulation # 403 entitled, ‘Disciplinary Committee Hearing Procedures for Major and Minor Violations.’ In the absence of such evidence, the court will assume that Foster has a protected liberty interest in remaining on probation. Assuming a liberty interest, the court must consider what due process requirements are necessary to revoke probation from administrative segregation.
“The court has found no cases which involve probation from a segregation sentence within a prison setting. However, a similar situation arises when a person, in the free world, who is on probation has probation revoked when he or she is charged with a new offense even if ultimately acquitted of those charges.
“The United States Supreme Court has said that probation is a privilege which cannot be demanded as a right; it is a matter of favor, probation can be revoked when, within the court’s discretion, the probation is not meeting the terms of probation. The Court also stated that probation revocation is a matter entrusted to the sound discretion of the district court and only upon a clear showing of abuse of that discretion will the districts court’s decision be disturbed. Burns v. U.S., 237 [287] U.S. 216 [53 S.Ct. 154, 77 L.Ed. 266] (1932); U.S. v. Rifen, 634 F.2d 1142, 1144 (8th Cir.1980). In addressing the question of the rights available to a defendant in a parole revocation setting, the Supreme Court of the United States has said: ‘The revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations - Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.’ Morrissey v. Brewer, 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972). If the sentencing judge determines that the probationer has ‘abused the opportunity granted him not to be incarcerated,’ the judge may revoke the probation. Schneider v. Housewright, 668 F.2d 366, 368 (8th Cir.1981) (quoting U.S. v. Nagelberg, 413 F.2d 708 (2d Cir.1969), cert. denied, 396 U.S. 1010 [90 S.Ct. 569, 24 L.Ed.2d 502] (1970)). Because the decision to revoke probation is within the discretion of the court, the court reviews all relevant factors surrounding the new charges, not just the evidence supporting those charges. A revocation of probation does not require proof sufficient to sustain a criminal conviction. Acquittal in criminal proceedings does not preclude revocation of parole on the same charge in light of the fact that the quantum of evidence to justify revocation of a sentence of probation is less than that necessary to establish guilt of a defendant beyond a reasonable doubt. Johnson v. State, 240 Ga. 526, 242 S.E.2d 53 (Ga.1978), cert. denied, 439 U.S. 881 [99 S.Ct. 221, 58 L.Ed.2d 194] (1978). All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that *114 the conduct of the probationer has not met the conditions of the probation. U.S. v. Garza, 484 F.2d 88, 89 (5th Cir.1973), (citing U.S. v. Clanton, 419 F.2d [1304] 1305 (5th Cir.1969)).
“The terms of probation are often ambiguous, as in the case of a defendant who was acquitted of new charge, but his probation was revoked when he failed to meet the terms of his probation which stated that he was to, ‘conduct himself in all respects as a law abiding citizen.’ Burn [Burns] v. U.S., 287 U.S. 216 [53 S.Ct. 154, 77 L.Ed. 266] (1932). The terms of probation for Foster were that he not violate any institutional rules or regulations. When the terms of probation were broken, even though he was found not guilty on new charge, probation was revoked.
“As the Supreme Court has stated, ‘prison officials have broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons retain only a narrow range of protected liberty interest.’ Hewitt v. Helms, 456 [459] U.S. 460 [103 S.Ct. 864, 74 L.Ed.2d 675] (1983). The magistrate judge concludes that: within the prison setting, probation from administrative segregation is a favor, not a right, and revocation [of] probation is within the discretion of the institutional segregation review board, and does not require conviction of new charges. Therefore, without a clear showing by the plaintiff of an abuse of discretion on the part of the institutional review board, their decision will be upheld.”
Clearly, a new disciplinary charge would constitute a violation of the appellant’s probation from segregation. The appellant has not alleged or demonstrated an abuse of discretion in the revocation of his probation from segregation. Therefore, we do not find that the appellant’s right to due process was violated by his probation revocation. Applying the principles set out in Foster, supra, to Crowe’s case, we hold that the trial court correctly denied the appellant’s petition.
The appellant also contends that the trial court erred by ordering him to pay the filing fee at the conclusion of the case. This contention is without merit. See Ala.Code 1975, § 12-19-70(b). The trial court’s judgment is affirmed.
AFFIRMED.
All the Judges concur.