## S00A1493. JOHNSON v. BOYINGTON.
### (541 SE2d 355)

SEARS, Justice.

This appeal arises from the grant of habeas corpus relief to appellee Aldean Boyington with regard to the 1997 revocation of his probation. We conclude that the habeas court incorrectly concluded that Boyington's probation revocation was not sufficiently supported by a written statement evidencing the reasons relied upon in revoking probation. Therefore, we reverse.

When Boyington was convicted of burglary in 1985, he was granted first offender status and received a ten year probated sentence. After two probation revocation proceedings, in which Boyington's first offender status remained intact, Boyington was found guilty in January 1988 of theft by taking, and was sentenced to three and a half years confinement for the 1985 burglary, followed by eleven and a half years probation, as calculated from his 1985 conviction. In 1986, Boyington was found guilty of a separate incident of theft by taking, and was given 12 months probation, to run consecutively to any previously imposed sentence. In February 1988, Boyington was given a consecutive ten year probated sentence for robbery by sudden snatching. In 1990 Boyington pled guilty to aggravated assault and trespass; he was sentenced to one year incarceration and ten years probation.

Boyington was accused of having committed felony robbery in July 1997. The State filed petitions to revoke his probation in all four of the cases discussed above. A probation revocation hearing was held in August 1997, after which the trial court found by a preponderance of the evidence that Boyington had committed felony robbery. The trial court entered "boilerplate" (i.e., standard form) revocation orders revoking the balances of Boyington's four probated sentences.[1] The probation revocation hearing was not transcribed.

Boyington sought relief in the habeas court, and a hearing was held. Thereafter, the habeas court concluded that the revocation of Boyington's probation lacked the requisite due process guarantees described in *Morrissey v. Brewer*,[2] *Gagnon v. Scarpelli*,[3] and *State v. Brinson*,[4] because the trial court did not enter a satisfactory written statement describing the evidence relied upon and the reasons for revoking parole. The habeas court vacated the trial court orders revoking Boyington's probation, but noted that the State was not prevented from seeking a second probation revocation hearing against Boyington. The State appeals from that ruling.

In *Brinson*, supra, this Court stated that:

In *Morrissey*, [supra], the U. S. Supreme Court set forth the following **minimum requirements of due process in parole revocation proceedings:** "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . . (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) **a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.**" These requirements were extended

---

[1] The boilerplate orders, which were addendums to the petitions for probation revocation, stated in pertinent part as follows:

Whereas, pursuant to notice given to the defendant, a full hearing was conducted by this Court on the date aforesaid in accordance with OCGA § 42-8-38, § 17-10-1 (a) (3) (A) and the Court has adjudged that the terms of probation had been violated as set forth in the following particulars: Through a preponderance of the evidence, the Court finds the defendant did violate his probation as outlined in paragraph IV of this Petition. . . .

X  New felony offense . . .

Now, therefore, it is ordered and adjudicated that the probation provisions in said original sentence be: . . . Revoked [ ].

[2] 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972).

[3] 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973).

[4] 248 Ga. 380 (283 SE2d 463) (1981).

to probation revocation proceedings in *Gagnon v. Scarpelli*, 411 U. S. 778 (1973).[5]

In *Brinson*, the Court of Appeals reversed the revocation of a probated sentence after finding that the trial court erred by failing to enter an order showing the evidence relied upon and the reasons for the revocation, as required by *Morrissey* and *Gagnon*, supra.[6] The State appealed that reversal to this Court. We noted that the record on appeal included a petition for probation revocation alleging that the defendant, Brinson, had violated the terms of his probation by: (1) committing theft, illegal possession and sale of a firearm, and burglary; and (2) failing to maintain steady employment. The record also showed that a hearing had been held on the petition, after which the trial court entered an order stating that "[I]t is hereby adjudged, based upon the evidence and testimony presented, that the defendant has violated his probation as set forth in the [revocation] petition."[7]

This Court then held that the order in *Brinson* satisfied *Morrissey's* and *Gagnon's* requirement that there must be a written order detailing the evidence relied upon and the reasons for the revocation.[8] In so doing, we held that:

> From the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation. Given this fact, it was unnecessary for the trial court to commit [its] findings to a separate piece of paper. We do not construe *Morrissey* and *Gagnon* as elevating a superfluous exercise to the level of due process. [Cit.]

The present matter is based upon facts almost identical to *Brinson*. Like *Brinson*, the record in this case includes a petition for revocation, paragraph IV of which alleges that Boyington violated the terms of his probation by committing felony robbery in July 1997. Also like *Brinson*, a full hearing was held on Boyington's revocation petition, after which the trial court entered standard orders finding that, "[t]hrough a preponderance of the evidence, the court finds that [Boyington] did violate his probation as outlined in paragraph IV of this Petition." Based upon that finding, the trial court revoked Boyington's probated sentences, as explained above.

As in *Brinson*, we believe that these standard orders and the

---

[5] (Emphasis in original.) 248 Ga. at 380.

[6] See *Brinson v. State*, 158 Ga. App. 189 (279 SE2d 488) (1981).

[7] 248 Ga. at 380-381.

[8] 248 Ga. at 381.

revocation petitions they addressed are sufficient to enable both the appellate courts and Boyington to "ascertain the basis for revocation of the defendant's probation[; thus,] it was unnecessary for the trial court to commit [its] findings to a separate piece of paper," when doing so would be essentially an exercise in redundancy.

It is true that the record in *Brinson* included a transcription of the probation revocation hearing, and that the revocation hearing in the present matter was not transcribed. However, the *Brinson* opinion does not rely in any part upon the existence of a transcription in that matter, and the absence of a transcription in the present appeal does not forestall either Boyington or this Court from clearly ascertaining the trial court's basis for revoking Boyington's probation. Accordingly, as in *Brinson*, we conclude that the due process requirements of *Morrissey* and *Scarpelli* were satisfied in this matter, and the contrary conclusion of the habeas court is therefore reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED FEBRUARY 16, 2001.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellant.

Aldean Boyington, *pro se.*