## 51327. WIDNER v. THE STATE.

CLARK, Judge.

In this appeal from the revocation of defendant's probation, the sole issue is whether the state's evidence was sufficient to authorize the probation judge's finding that defendant had committed a burglary.

We summarize the state's evidence presented at the probation hearing as follows: On June 16, 1975, the home of Medford Blissett was broken into and several items, including two prescription bottles and a ring, were stolen. The perpetrator entered the dwelling through a window which he smashed in the process. The defendant was

apprehended standing by his car one-quarter mile from the Blissett residence, less than ten minutes after the burglary. The prescription bottles and the ring were recovered from a ditch approximately four feet from where defendant was standing. An examination of defendant's shoes revealed the presence of bits of glass. In addition, fuzz found in two areas of the Blissett home matched the material of defendant's socks, which he was not wearing at the time of his apprehension. (The inference here apparently is that defendant used his socks as a substitute for gloves to prevent fingerprint identification.) The authorities also discovered burglar's tools in defendant's vehicle.

The evidence presented, while circumstantial, was sufficient to satisfy the requisite burden of proof applicable to probation revocation hearings. See *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790); *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504). Accordingly, defendant's enumeration on the general grounds is without merit.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 8, 1976.

*Warren Akin, William Morgan Akin,* for appellant. *David N. Vaughn, Jr., District Attorney,* for appellee.