## 31398. TUCKER v. THE STATE.

NICHOLS, Chief Justice.

The appellant, a female, was jointly indicted, along with Michael Davis and Sammy Kennett, for murder and four counts of armed robbery. She was tried separately and found guilty on all counts. Her motion for new trial was overruled and the present appeal filed.

The appellant had been trying to arrange a meeting with the victim through a friend for the purpose of buying cocaine. The money was not forthcoming and these efforts were abandoned. Her co-indictees overheard appellant and had her take them to the victim's apartment so that one of them could get a "fix." Only Davis went in and while in the apartment, he noticed large sums of money lying around. After he obtained the "fix," the plot to rob the victim began to hatch. Guns were obtained and appellant drove Davis and Kennett in her car back to the victim's apartment at about 4 a.m., dropped them off and then went to a nearby Waffle House Restaurant to wait. Davis and Kennett forced their way into the victim's apartment, robbed and killed him and also robbed three other occupants of the apartment. Davis and Kennett then went to the restaurant and departed the scene in appellant's car.

1. Enumerations of error 3 and 6 complain of the charge on circumstantial evidence and the weight to be given defendant's statement, which was made after she was arrested. The trial court charged in the language of Code § 38-109 and then charged on the sufficiency of the evidence to convict where conviction is dependent on circumstantial evidence alone. In the absence of a timely written request, this was a more favorable charge than defendant was entitled inasmuch as there was direct evidence of the defendant's participation in the planning of the robbery. See *Gaines v. State,* 232 Ga. 727 (3) (208 SE2d 798) (1974).

The court also charged fully on the weight to be given defendant's statement. The jury was instructed: "If you find that all of the warnings as to her constitutional rights were given, that the defendant did clearly understand the meaning of what was said and knowingly gave up such

rights, and if you further find that the statement was voluntary then you may consider it as evidence. And you will apply the general rule testing the believability of witnesses and decide what weight, if any, you give to all or any part of such evidence." These enumerations of error show no error.

2. Enumerations of error 4 and 5 complain of state's counsel prefacing his argument to the jury with statements to the trial judge of Supreme Court holdings in conspiracy cases. In *Wilson v. State,* 223 Ga. 531 (7) (156 SE2d 446) (1967), this court held: "It was not error to permit the prosecuting attorney to read from an opinion of the United States Supreme Court to the court in the presence of the jury. *Nix v. State,* 149 Ga. 304 (100 SE 197); *Beam v. State,* 208 Ga. 497 (3) (67 SE2d 573); *Ayers v. State,* 215 Ga. 325 (4) (110 SE2d 669)." There is no merit in these enumerations of error.

3. Enumeration of error numbered 7 complains of the ineffectiveness of trial counsel. The appellant contends that her counsel failed to object to evidence without stating any particular evidence which should have been objected to and failed to object to statements made by state's counsel to the court ruled on in Division 2. In *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588) (1969), this court held: "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel."

4. Enumerations of error 1 and 2 complain of the overruling of the motion for new trial and the failure to direct a verdict in favor of defendant. We have carefully reviewed the record in this case and find the evidence sufficient to support the verdict. The trial court did not err in overruling the general grounds of the motion for new

trial nor in refusing to direct a verdict of acquittal. The remaining grounds of the motion for new trial were not argued and are deemed abandoned. Rule 18(c2).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*G. Hughel Harrison,* for appellant.

*William Bryant Huff, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.