## 32593. FORTSON v. THE STATE.

Marshall, Justice.

The defendant appeals from his conviction of armed robbery.

1. Appellant's first enumerated error is the alleged ineffective assistance of his retained trial counsel.

" 'We interpret the right of counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' . . . [T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974) and cit.

The record reveals that defense counsel cross examined witnesses, introduced witnesses and documents on the defendant's behalf, examined certain exhibits, objected to the admission of certain evidence, attempted to discredit the testimony of one of the state's witnesses, and made a lengthy closing argument.

" 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' " *Reid v. State,* 235 Ga. 378, 379 (1) (219 SE2d 740) (1975), quoting ABA Standards, relating to the Administration of Criminal Justice (1974), The Defense Function, § 5.2 (b). The failure to urge pre-trial motions did not constitute ineffective assistance of counsel (*Dobbs v. State,* 235 Ga. 800, 803 (4) (221 SE2d 576) (1976)); nor did the failure to file a motion to suppress evidence seized pursuant to a search warrant not shown to be invalid. The testimony of a detective that he saw a certain person identify a ring was not hearsay, but was merely a statement of conduct observed by the officer during the course of an investigation. Code § 38-302. Similarly, Officer Simmons' statement that the appellant had given an incorrect address merely explained his conduct.

The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense. *Adams v. State,* 236 Ga. 468, 471 (224 SE2d 32) (1976). In determining the effectiveness of counsel's advocacy, we can take into consideration the fact that the evidence so authorized the verdict that the general grounds of the motion for new trial are not even urged on appeal. "In light of the nature of the crime and the overwhelming evidence against the defendant in this case, the trial tactics and strategy followed by counsel were as effective as possible under the circumstances. There is no merit to the charge of ineffective assistance of trial counsel." *Dobbs v. State,* 235 Ga. 800, supra, p. 804.

2. The trial judge did not err, as the appellant contends, in failing to sua sponte declare a mistrial or exclude certain alleged prejudicial evidence. It is urged that the judge had this duty by reason of his statement to the effect that he would seek to guarantee that the appellant received adequate and competent defense.

Not only was the judge not obligated to intervene in behalf of one side or the other, but also he was forbidden to do so. See Canons of Judicial Ethics, Nos. 5 and 15, 220 Ga. 922, 923. Even where a proper motion has been made, "[t]he granting or refusal to grant a mistrial has long been held to be largely in the discretion of the trial judge . . ." *Woods v. State,* 233 Ga. 495, 498 (II) (212 SE2d 322) (1975). "Our review of the transcript fails to show the trial was infected with prejudice denying appellant a fair trial by an impartial jury. The verdict has the approval of the trial judge who reviewed the case upon hearing and considering a motion for new trial." *Pearley v. State,* 235 Ga. 276, 279 (219 SE2d 404) (1975). This enumerated error is without merit.

3. It was not error, as appellant contends, to allow witnesses to testify as to independent crimes as similar transactions.

In the appeal of the appellant's co-defendant, this court noted that "it is clear that there was ample evidence to connect appellant's co-defendant [appellant in the case sub judice] with these independent crimes . . ." *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). The

evidence of similar transactions was that: (1) Two men, one of whom or, sometimes, both of whom wore ski masks, robbed families in their homes at or around midnight. (2) One of the men was rather small and soft-spoken. (3) The victims of the robbery were always told to be quiet or they would be killed. (4) The victims of the robbery were asked for money and instant banker cards, along with the secret codes therefor. (5) The robberies were committed by men using a pistol. The evidence connecting the appellant with the five transactions was as follows: (1) The appellant was found in possession of the C & S instant banker card taken from the Rawlinses. (2) The appellant was identified by Sharon Campbell as being involved in the robbery of her family. (3) A vacuum cleaner which was found in the appellant's apartment was identified as having been stolen from David Sheats in a robbery of his home. (4) A ring which was found in the appellant's apartment was identified as a ring taken from A. Patrick Bowles in a robbery in his home. (5) The appellant was identified by Patty Sue Martin as one of the men who robbed her home. There is no merit to this contention. See *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977) and cits.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 21, 1977.

*James W. Lewis,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.