## 55417. COOK v. THE STATE.

Deen, Presiding Judge.

On May 25, 1975, Ronnie Cook pled guilty to an indictment charging him with possession of more than an ounce of marijuana and was sentenced to a term of three years to be served on probation. He appeals from the revocation of his probation on September 22, 1977. The revocation petition alleges that he possessed marijuana on July 24, 1977. He filed a motion to suppress and an amended motion to suppress. Both of his motions were heard and denied prior to the revocation hearing.

1. Appellant contends that the trial court erred in overruling his motion to suppress because his arrest was illegal and therefore the search of his person was also illegal. An examination of the record indicates that there was probable cause for his arrest. Police officers noticed that fifty-three marijuana plants were growing on the land behind his trailer and no one except appellant lived on the land where the plants were growing. During the four-day period that the area was under surveillance, only appellant approached the path leading to the marijuana plants. On the day of his arrest, appellant was seen driving down the path and carefully observing them. Appellant was arrested on the path leading to the plants. At the hearing, appellant claimed that he had gone to the pasture to feed and check some cows at his father's request and was unable to find them so he decided to look for them at the bottom of the path. His father, however, denied that he had requested his son to feed the cows. Based on these facts, the trial judge could find that there was probable cause for appellant's arrest without a warrant. Code Ann. § 27-207. The accompanying search and seizure of a bag of marijuana from appellant was likewise lawful. Code Ann. § 27-301; *Mitchell v. State,* 136 Ga. App. 658 (222 SE2d 160) (1975). After his arrest, appellant and the officers went to appellant's trailer. Appellant unlocked the door and allowed the officers to search the premises. Numerous packages of marijuana were found in the trailer. On appeal, he complains that consent to the search was not voluntarily given. We cannot agree with this contention; "[w]here a trial judge hears a case without the

intervention of a jury, the credibility of the witnesses is for his determination. [Cit.]" *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308) (1965).

2. The evidence is more than sufficient to show that the trial court did not abuse its discretion in revoking appellant's probation. Only "slight evidence" is required to authorize revocation, and the appellate court will not interfere with revocation unless there is a manifest abuse of discretion. *Christy v. State,* 134 Ga. App. 504 (215 SE2d 267) (1975).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 1, 1978 — DECIDED MARCH 16, 1978 —
REHEARING DENIED MARCH 31, 1978 —
CERT. APPLIED FOR.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, Daniel MacDougald, III,* for appellant.

*John R. Irwin, District Attorney, Christopher A. Townley, Assistant District Attorney,* for appellee.