*Attorneys,* for appellee.

## 55267. BURNS v. THE STATE.

SHULMAN, Judge.

This is the second time this case is before this court. We reversed the first conviction based on a charge of the trial court. See *Burns v. State,* 135 Ga. App. 842 (219 SE2d 487), overruled *Moran v. State,* 139 Ga. App. 274, 276 (228 SE2d 216).

On retrial, defendant was convicted of aggravated battery. He enumerates error contending that the verdict is not supported by the evidence and is against the weight of the evidence.

1. A defense of justification in that he was in fear of his life was raised by the defendant, but contradicted by the state's evidence. The alleged impeachment of the state's witnesses by evidence of prior convictions involving moral turpitude was put forth to support the contention that there was no credible evidence on which the defendant could be found guilty.

"The credibility of a witness is to be determined by the jury under proper instructions from the court." Code Ann. § 38-1805.

The Supreme Court in the case of *Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390) held: "We have carefully reviewed the evidence, and although there are sharp conflicts, the jury chose to believe the witnesses for the state, and with that we must consider the same in the light most favorable to support the verdicts rendered. [Cit.] The rulings of the lower court, approving the verdicts will not be disturbed unless they are not supported by any evidence, as a matter of law. [Cits.]

"Both appellants argue that their guilt, if proven at all, was proven only by the testimony of a witness who was unworthy of belief because of his numerous brushes with the law. The credibility of a witness is a matter which is left to the jury to resolve. [Cits.]"

It is also noteworthy that in the first appearance of this case before this court (*Burns v. State,* supra, Division 1), the same issues of credibility of the witnesses were

raised and effectively laid to rest as being for jury determination.

2. The last enumeration of error argues that defendant was denied effective assistance of counsel. This was based upon prior defense counsel's failure to call a certain witness after a request to do so by the defendant.

" ' "We interpret the right of counsel as the right to effective counsel. We interpret counsel to mean not error-less counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render and *rendering* reasonably effective assistance." . . . [T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered.' [Cit.] . . .

" ' "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client." ' [Cit.], quoting ABA Standards, relating to the Administration of Criminal Justice (1974), The Defense Function, § 5.2 (b)." *Fortson v. State,* 240 Ga. 5 (239 SE2d 335).

In the instant case, defendant's faulting of his previous counsel would appear to be incongruous when it is noted that the same attorney was sufficiently effective to have defendant's first conviction reversed in this court. We see no merit in this enumeration of error.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED MARCH 17, 1978.

*Zeese & Howell, Baxter C. Howell,* for appellant.
*William S. Lee, District Attorney,* for appellee.