### 59102. YOUNG v. THE STATE.

McMurray, Presiding Judge.

Following a plea of guilty as to robbery by intimidation the defendant herein was sentenced to confinement for a period of 15 years, providing that after service of the first 4 year portion thereof the balance of 11 years was to be probated upon the express conditions set forth. On May 17, 1979, a show cause order was issued in which it was contended that the defendant had failed and refused to comply with the terms and conditions upon which probation was allowed, that is: "The probationer committed the offense of Armed Robbery at the Butler House on Washington Avenue, Macon, Georgia, on or about March 25, 1979." The probated sentence was revoked on August 3, 1979, after a hearing. Defendant appeals. *Held:*

The sole enumeration of error is that the trial court erred in revoking defendant's probation in that there was insufficient credible evidence to legally warrant a

revocation. Only slight evidence will support a judgment of revocation. *Johnson v. State,* 142 Ga. App. 124 (1) (235 SE2d 550). But, of course, there must be some evidence that the defendant violated the terms of his probated sentence as charged in the notice given him of the revocation hearing. See *Gay v. State,* 101 Ga. App. 225 (113 SE2d 223) and *Ware v. State,* 137 Ga. App. 673 (224 SE2d 873). Here the evidence with reference to the commission of the armed robbery is slight and based upon circumstantial evidence connecting the defendant with the commission of the crime. Defendant's main contention is that the witnesses used against him were convicted felons, and the credit which the trial court should give to this testimony was questionable. The victims of the armed robbery did not identify him as one of the two persons who robbed them. However, the other witnesses (convicted felons) were shown to be persons with whom he was associated who testified as to his activities on the day that the robbery occurred, placed him near the scene of the robbery and testified also of his possession of some items similar to those taken in the robbery as well as his admission that "he made a lick" in gaining possession of them. One of the state's witnesses testified the defendant had stated to him "he made a lick" at the Butler House. The credibility of these witnesses was for the trial court as the trier of fact. Code § 38-1805; *Burns v. State,* 145 Ga. App. 357 (1) (243 SE2d 746); *Schauver v. State,* 146 Ga. App. 701 (2) (247 SE2d 228); *Rivers v. State,* 147 Ga. App. 19 (2) (248 SE2d 31).

We cannot say that the trial court in any manner abused its discretion in the revocation of defendant's probation after hearing the testimony. *Widner v. State,* 137 Ga. App. 244 (223 SE2d 278); *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393); *Turner v. State,* 119 Ga. App. 117 (116 SE2d 582); *Purgason v. State,* 145 Ga. App. 277 (243 SE2d 554); *Cook v. State,* 145 Ga. App. 544, 545 (2) (244 SE2d 64); *Wellons v. State,* 144 Ga. App. 218, 219 (240 SE2d 768).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 13, 1980.

*G. F. Peterman, III*, for appellant.
*W. Donald Thompson, District Attorney*, for appellee.