## 60248. STRIPLING v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offenses of theft by taking, theft by receiving stolen property, and possession of a motor vehicle with an altered serial number. We affirm.

1. In his first enumeration of error, defendant complains of the trial court's failure to grant a new trial in the wake of allegedly newly discovered evidence. Since we cannot agree that the purported new evidence, that is, the testimony of an alleged alibi witness, rises to the level of or constitutes "newly discovered evidence," we find no error.

" '(I)t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence

will be to impeach the credit of a witness.' [Cit.]" *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357).

Since he admitted knowing of the existence of such evidence at the time of his trial, defendant failed to make the required showing. Therefore, the testimony of the alleged alibi witness cannot be said to have been newly discovered. *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268). See also *Offutt v. State,* 238 Ga. 454 (233 SE2d 191). This being so, the trial court did not err in denying defendant's request for a new trial on the basis of the purported newly discovered evidence.

2. Defendant submits that he was denied effective assistance of counsel, basing his allegation of incompetence on counsel's failure to subpoena a potential alibi witness (who had apparently left the area to escape arrest) or to request a continuance until such witness could be located, and on counsel's failure to challenge more fully the eyewitness identification of defendant.

" ' "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client." ' [Cit.] . . . The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense. [Cit.]" *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335).

A review of the record reveals that defense counsel cross examined witnesses, introduced witnesses on the defendant's behalf, objected to the admission of certain evidence, attempted to discredit the testimony of certain of the state's witnesses, and made a closing argument to the jury. See *Fortson,* supra.

If we continue to second guess trial counsel on strategy and tactics when counsel have faithfully and diligently performed their function, we would have a proliferation of appeals on the flimsiest of grounds. "It is important for appellate judges to remember that 'A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.' [Cits.]" *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560).

In view of the foregoing, we find defendant's contention that trial counsel was ineffective to be without merit. See also *Burns v. State,* 145 Ga. App. 357 (2) (243 SE2d 746); *Fannon v. State,* 142 Ga. App. 658 (236 SE2d 698).

3. Since no objection was made at trial to the in-court identification of defendant on the grounds that such identification was premised upon an impermissible out-of-court identification, appellant will not be heard to complain on appeal on that ground. See *Martin v. State,* 141 Ga. App. 181 (233 SE2d 38).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 9, 1980 — DECIDED
SEPTEMBER 8, 1980.

*G. Keith Murphy,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.