## 60284. DYER v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of aggravated assault. We affirm.

1. Defendant asserts that he was denied effective assistance of counsel. Specifically, defendant alleges that defense counsel's failure to make certain objections to testimony or to move for a mistrial based upon such testimony; his failure to request a charge on accident; his refusal to assert the defense of prevention of adultery;

and his failure to poll the jury, cumulatively exhibit his ineffectiveness and inadequacy as counsel. We disagree.

" 'While another lawyer or other lawyers, had they represented the petitioner upon [his] trial, might have conducted [his] defense in a different manner, and might have exercised different judgments with respect to the matters referred to in [his] petition, the fact that [his] attorne[y] chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of [his] defense with which [he] and [his] presently employed [attorney] now disagree, does not require a finding that [defense counsel's] representation of the petitioner was so inadequate as to amount to a denial to [him] of the effective assistance of counsel.' " *Tucker v. State,* 237 Ga. 740, 741 (3) (229 SE2d 749). See also *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306).

"The record reveals that defense counsel cross examined witnesses, introduced [the defendant in his own behalf], examined certain exhibits, objected to the admission of certain evidence, attempted to discredit the testimony of . . . state's witnesses, and made a . . . closing argument." *Fortson v. State,* 240 Ga. 5 (239 SE2d 335).

Upon examination of the record and transcript and in view of the foregoing, we refuse to find that defendant was denied effective assistance of counsel. See *Stripling v. State,* 155 Ga. App. 636 (1980).

Moreover, we note that since defendant relied on the defense of justification, or self-defense, at trial, it would have been inconsistent for trial counsel to request a charge on accident. See in this regard *Griffin v. State,* 183 Ga. 775 (6) (190 SE 2); *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178).

2. Nor do we find reversible error in the trial court's questioning of some of the witnesses, which questioning was apparently undertaken by the court to aid it in its determination of the admissibility of certain evidence.

" 'The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character.' [Cits.]" *Thomas v. State,* 240 Ga. 393 (3) (242 SE2d 1). So tested, the questions propounded by the trial judge

were not improper.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JULY 10, 1980 — DECIDED SEPTEMBER 12, 1980.

*Walton Hardin,* for appellant.
*Harry N. Gordon,* District Attorney, for appellee.