for appellees.

## 62223. HENDERSON v. THE STATE.

McMURRAY, Presiding Judge.

This case involves a revocation of probation.

Defendant had previously entered a plea of guilty to the offense of entering an automobile and had been sentenced to five years to be served on probation according to the usual terms of probation, such as, not to violate any state or federal laws. Defendant was thereafter charged with the offense of burglary of a "minit market."

The evidence submitted against the defendant during the revocation hearing disclosed that two other individuals also charged with burglary of the market were caught inside the market after the burglar alarm alerted police officers. A plate glass window had been broken out, apparently to gain entry. Over objection a police officer was allowed to explain his conduct in the investigation that one of the perpetrators caught in the store had advised that they had arrived in the locality in a brown station wagon and this defendant "had done left the store and he was down the road waiting for them in a brown station wagon." This evidence was objected to as inadmissible hearsay and a violation of the Bruton rule (Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476)) inasmuch as an accomplice or co-conspirator in the trial could not be made to testify as a witness in this case. Further investigation disclosed the brown station wagon owned by one of the perpetrators caught in the store was located close to the store. The defendant was found in the front seat of the vehicle.

There was testimony that defendant had been drinking, as an alcoholic beverage could be smelled on his breath and "beer" was found 25 or 35 yards from the vehicle between the vehicle and the store, the unopened "beer" was located approximately 100 yards from the store. A search of the station wagon disclosed some blank "Travelers Express Money Order[s]," from the Travelers Express Company, Inc. Also found in the vehicle was a check in the amount of $35. Other testimony was offered disclosing that the check and blank money orders had been taken from the burglarized store.

The trial court, at the conclusion of the hearing, stated that he would disregard the testimony with reference to the beer situation. But, since the check and money orders had been identified as being part of the property of the store and having been taken from the store illegally and found in the motor vehicle where the defendant was

located, albeit defendant had admitted he was in the motor vehicle but asleep and had no knowledge of the burglary, the time element was such that the court was of the opinion that it was improbable that the two other perpetrators caught in the store could have made a trip to the car and then one or both could have returned to the store to commit further acts of burglary with the burglar alarm going off, all of which must have occurred within five or six minutes after the window was broken. The court expressed the opinion that the evidence strongly indicated that the defendant was part and parcel of the scheme to burglarize the store. Based upon this reasoning, the court revoked the probation of the defendant. Defendant appeals, contending the trial court erred in allowing the testimony of the alleged co-defendant/conspirator-accomplice with reference to the charge of burglary, and the court had manifestly abused its discretion in revoking his probation. *Held:*

1. With reference to criminal trials evidence of a confession of a co-defendant implicating a defendant on trial (the conspiracy being ended, the criminal project terminated) cannot be admitted against that defendant where the co-defendant does not take the stand and is not available for cross examination. See *Hill v. State,* 232 Ga. 800, 802 (1) (209 SE2d 153); *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567); *Crowder v. State,* 237 Ga. 141, 150-155 (227 SE2d 230); Bruton v. United States, 391 U. S. 123, supra.

However, only slight evidence is necessary in order to revoke probation. From all the facts and circumstances here, even though the admission of the so-called co-defendant/co-conspirator-accomplice could not be admitted against the defendant in the trial of the burglary, the totality of the facts and circumstances here (both circumstantial and direct evidence) is sufficient to find that this defendant was in the company of two other individuals who were caught in the act of burglarizing a store and that items taken from that store, as well as this defendant, were found in the station wagon of one of the perpetrators approximately 100 yards from the store when the police officers investigated the automobile. The evidence was ample for the trial court to revoke his probation. See *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37); *Bunn v. State,* 144 Ga. App. 879 (243 SE2d 105); *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790); *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504); *Widner v. State,* 137 Ga. App. 244 (223 SE2d 278). See also *Johnson v. State,* 240 Ga. 526 (242 SE2d 53), affirming s.c. 142 Ga. App. 124 (235 SE2d 550).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 30, 1981.

*John R. Thigpen, Sr.,* for appellant.
*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.