## 66831. BENFORD v. THE STATE.

CARLEY, Judge.

In February of 1983, appellant was sentenced to ten years probation after pleading guilty to a violation of the Georgia Controlled Substances Act. In April of 1983, the state filed a revocation petition alleging that appellant had violated the terms and conditions of his probation by attempting to commit a burglary. Following a hearing, the trial court issued an order revoking appellant's probation. Appellant appeals.

1. Appellant alleges that there was no competent evidence to support an order revoking his probation.

The following evidence was adduced at the revocation hearing: A police officer testified that at approximately 9:00 p.m. on the date

in question, he was on routine patrol when he heard the sound of breaking glass. He immediately looked down the street in the direction of the sound and saw an individual standing in front of a jewelry store. The officer observed that the individual was of average build and was wearing light colored pants and a dark jacket. The officer immediately drove to the jewelry store and confirmed that the store window was in fact broken. The officer then followed the person he had observed earlier, who, by that time, was walking away from the store. The police officer's pursuit of the suspect resulted in the apprehension of appellant. Although the officer lost sight of the suspect for a thirty second period between the moment of initial observation and the time that appellant was apprehended, the officer further testified that, in both dress and build, appellant fit the description of the man he had observed in front of the jewelry store. The officer also testified that, following an immediate thorough search of the area, absolutely no one else was found in the vicinity. At the time of his arrest, appellant gave conflicting explanations concerning what he was doing in the area, where he had come from, and where he was going.

Only slight evidence is necessary to support a judgment of probation revocation. *Young v. State,* 153 Ga. App. 454 (265 SE2d 362) (1980). The evidence in the instant case was sufficient to authorize the revocation of appellant's probation.

2. Appellant further asserts that the revocation of his probation was erroneously based on misconduct which was not alleged in the petition. Appellant's argument is not supported by the order of revocation, which sets forth the facts upon which the trial court based its decision. Although other acts of misconduct were, in fact, brought out at the hearing, no objection to this evidence was raised. There is no indication that the trial court, in making the decision to revoke appellant's probation, relied upon any evidence other than that concerning the crime set forth in the petition. We find no error in this regard. Compare *Radcliff v. State,* 134 Ga. App. 244 (214 SE2d 179) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 31, 1984.

*Charles E. Day,* for appellant.

*John T. Strauss, District Attorney, Steven A. Hathorn, Assistant District Attorney,* for appellee.