## A91A0389. FLETCHER v. THE STATE.
### (406 SE2d 245)

BEASLEY, Judge.

Defendant appeals her conviction of simple battery, OCGA § 16-5-23. The enumerations of error raised the "general grounds," *Lewis v. State*, 186 Ga. App. 92 (1) (366 SE2d 305) (1988), which have been abandoned by the absence of argument or citation of authority, and the admission of certain evidence.

Defendant allegedly struck the victim, a teacher, during an altercation which arose from the victim's determination that defendant's daughter was tardy on three occasions. Defendant sought to establish that the teacher was overly strict and demanding of her students. The teacher was asked on cross-examination whether she was aware that this parent had made a complaint about her to the school principal. The teacher responded negatively.

On redirect the teacher was asked about a letter from the school superintendent, Dr. McGill, to her. The letter, written just before the incident, was commendatory and made no mention of complaints. Defendant objected to examination of the witness based on the letter unless the State planned to call Dr. McGill so defendant could cross-examine her. The prosecuting attorney requested time to get McGill.

Sua sponte the court inquired of the teacher if she kept records "like that" as part of her practice as a teacher and if that was one of the records she kept. Based upon the victim's affirmative answers, the court admitted the letter as a business record, under that exception to the hearsay exclusion rule. Defendant objected, stating no ground.

The State then moved the admission of certain teacher evaluations. The teacher responded affirmatively to questions inquiring if she kept the records in the course of her business and if they were business records. Counsel for defendant objected, stating "I don't care whether they're kept as business records or not." The objection was overruled.

A letter is incompetent as hearsay in the absence of its author being available for cross-examination. *Page v. State*, 237 Ga. 20, 21

(3) (227 SE2d 8) (1976). Further, letters are ordinarily inadmissible as business records. *Sabo v. Futch*, 227 Ga. 216, 218-219 (179 SE2d 763) (1971); *American Sanitation Services v. EDM of Texas*, 139 Ga. App. 662, 664 (3) (229 SE2d 136) (1976). See *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 541 (277 SE2d 646) (1981).

However, objections to evidence must state the grounds upon which they are based; merely objecting is not enough. *Hayes v. State*, 189 Ga. App. 39, 40 (1) (375 SE2d 114) (1988). Defendant had to do more than merely state: "I object," to preserve a ground of error. *Griffin v. State*, 123 Ga. App. 820, 821 (3) (182 SE2d 498) (1971). In addition an otherwise valid reason why evidence should not be admitted will not be considered on appeal unless the specific reason was urged below. *Smith v. State*, 189 Ga. App. 244, 246 (7) (375 SE2d 496) (1988); *Thaxton v. State*, 184 Ga. App. 779, 781 (2) (362 SE2d 510) (1987). Both defense objections were insufficient to notify the trial court of the legal ground so that its applicability could be measured and error avoided. The objections were waived by their generality. *Reaves v. State*, 242 Ga. 542, 551 (6) (250 SE2d 376) (1978).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 23, 1991.

Murray, Donovan & Nabors, Donald R. Donovan, for appellant.
William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney, for appellee.