## A01A2163. LANCASTER v. THE STATE.
### (558 SE2d 772)

JOHNSON, Presiding Judge.

A jury found Robert Lancaster guilty of theft by receiving, theft by taking, making an improper lane change, leaving the scene of an accident, possessing an open container of alcohol while operating a motor vehicle, and driving with a suspended license. He appeals from the convictions entered on the verdict, challenging the sufficiency of the evidence regarding the driving with a suspended license conviction and urging that the trial court erred in admitting evidence that he remained silent at the time of his arrest. The evidence was insufficient to support the suspended license conviction, so that conviction must be reversed. However, because the remaining enumeration of error was not preserved, the other convictions are affirmed.

1. The state concedes that at trial it failed to prove that Lancaster received notice that his license was suspended. Therefore, his conviction for driving with a suspended license cannot stand.[1]

2. Lancaster contends the trial court should not have allowed the prosecutor to ask the arresting officer if Lancaster asked him any questions as the arrest was taking place. This argument was not preserved for review.

At trial, the prosecutor asked the arresting officer about the circumstances surrounding Lancaster's arrest. The officer testified regarding information he received about the truck's involvement in a hit and run accident and the suspect's description and recent whereabouts. The officer explained why he stopped Lancaster and stated that he handcuffed Lancaster, placed him in the backseat of the patrol car, and drove him back to the accident scene for identification purposes. The following examination took place:

> [PROSECUTOR:] Now during the time that you put him in the back of your patrol vehicle, did he ask you any questions?
> [OFFICER:] No, ma'am. He did not.
> [PROSECUTOR:] Did he ever ask you why he was being —.
> [DEFENSE COUNSEL:] Your Honor, I'm going to object.
> THE COURT: Objection's overruled.

The prosecutor then asked the officer if Lancaster asked him what the officer was doing there or what Lancaster was doing there. The officer replied, "No," to both questions. Defense counsel did not object to either question, nor did he attempt to renew or explain the objection made at the beginning of the inquiry.

---

[1] See *Keller v. State*, 247 Ga. App. 599, 600-601 (2) (544 SE2d 511) (2001).

In order to preserve a ground for error, the objecting party must state the specific ground upon which the objection is based.[2] A defendant must do more than merely state that he objects.[3] A reason why evidence should not be admitted will not be considered on appeal unless the specific reason was urged below.[4] The generalized objection made here was insufficient to notify the trial court of the legal ground so that its applicability could be measured and error avoided.[5] The alleged error was not preserved, and this Court will not consider it.[6]

*Judgment reversed as to conviction for driving with a suspended license. Judgment affirmed as to other convictions. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 10, 2002.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

---

[2] *Herring v. State*, 224 Ga. App. 809, 815 (7) (481 SE2d 842) (1997).
[3] See *Fletcher v. State*, 199 Ga. App. 756, 757 (406 SE2d 245) (1991).
[4] *Herring*, supra.
[5] Id.
[6] See *Rogers v. State*, 247 Ga. App. 219, 226 (9) (543 SE2d 81) (2000).
[1] 248 Ga. App. 304 (546 SE2d 63) (2001).