## A04A0006. MAXWELL v. THE STATE.
(599 SE2d 228)

JOHNSON, Presiding Judge.

A jury found Anthony Maxwell guilty of burglary, aggravated assault, two counts of kidnapping, armed robbery, possession of a firearm during the commission of a felony, and theft by taking of a motor vehicle. These offenses arose out of a home invasion. Maxwell appeals, alleging the evidence was insufficient to support his conviction for armed robbery, the photo array presented to one of the witnesses was improperly suggestive, the state improperly placed his character in issue, and the testimony of certain witnesses should have been excluded. We find no error and affirm Maxwell's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in that light, the evidence shows that during the evening of June 6, 2001, Maxwell and Royal Holmes entered the Ware County home of O.C. and Carolyn Dell without permission. Armed with a sawed-off shotgun, Maxwell crept up behind Mr. Dell, who was sleeping in a recliner, and grabbed him by the throat. Maxwell demanded money from Mr. Dell's safe. Mr. Dell said there was no safe, and Maxwell struck him in the head with the butt of his shotgun, severely injuring him. Mrs. Dell, who had been taking a bath, heard the commotion and ran to her husband's aid. Holmes directed Mrs.

---

[1] *Cockrell v. State,* 248 Ga. App. 359 (1) (545 SE2d 600) (2001).
[2] *Odett v. State,* 273 Ga. 353-354 (1) (541 SE2d 29) (2001).
[3] *Parnell v. State,* 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

Dell to her bedroom, forced her to lie down, and bound her hands with cloth and duct tape. Maxwell dragged Mr. Dell to the back bedroom and placed him next to Mrs. Dell. Maxwell and Holmes took cash from the victims, removed jewelry and guns from the house, and then drove away in the Dells' car.

After the robbery, Holmes and Maxwell disposed of the Dells' car. Holmes kept the $100 he stole from Mrs. Dell; Maxwell kept everything else. There is no evidence the state recovered the remaining robbery proceeds. Both Maxwell and Holmes were arrested at Bobby James' residence in Offerman, Georgia.

Mrs. Dell recognized Holmes as one of the assailants because Holmes had rented cars from her through the Dells' car rental business. In fact, Holmes owed the Dells over $700 in rental fees. A witness saw Maxwell and Holmes walking down the street toward the Dells' home shortly before the robbery. Holmes' fingerprint was found on the duct tape used to bind Mrs. Dell. And Holmes testified at length as to his and Maxwell's involvement.

In addition, the state presented evidence establishing that James was the leader of a gang called "Stixx" which operated out of Offerman. Stixx members have distinctive tattoos they earn by committing an act of violence. James and Maxwell had the Stixx tattoo. Although Holmes had no tattoo, he was a member of the Stixx gang. Also, Holmes lived in the same house with James and another gang member, Omar Lambert. Lambert testified that he and Maxwell did whatever James asked them to do. Holmes and Lambert rented cars for James and drove him around.

A few days before the robbery, Maxwell, Holmes, James, and Lambert drove by the Dell home. James pointed to the Dell home and commented that the Dells had a safe with about $100,000 in it and that it would be "an easy lick to get." Holmes mentioned robbing the Dells, stating that Mr. Dell had a lot of money in his pockets. However, Holmes testified that he had no intent to rob the Dells until the day of the robbery when Maxwell sought him out.

Maxwell contends the evidence was insufficient to support his conviction for armed robbery because there was no credible evidence showing that any weapon was involved.[4] However, a review of the record shows that Holmes testified that Maxwell had a sawed-off shotgun and used it to rob the victims. In addition, Mr. Dell had a "big gash in the front of his head" and told the responding detective that he was "hit in the head with a shotgun." Mr. Dell further testified that the robber "hit me across the head with a — as far as — with a gun." The evidence was sufficient for a rational trier of fact to find that a

---

[4] See OCGA § 16-8-41 (a).

gun was used in the home invasion and to find Maxwell guilty beyond a reasonable doubt of armed robbery.[5]

2. Maxwell contends the photographic array shown to the witness who saw Maxwell walking down the street toward the Dells' house was improperly suggestive. However, a thorough review of the record indicates that Maxwell failed to object to the witness' testimony that she picked out the photographs of the two men she saw. Likewise, Maxwell failed to object to the detective's testimony that the witness picked out the photographs of Maxwell and Holmes. Maxwell objected only when the state moved to tender the photographic array, stating, "I would object at this time. I'd prefer to have the opportunity to cross-examine the witness as to the particulars of the line-up." After the cross-examination of the detective, the exhibit was tendered again, and Maxwell merely stated, "And I will object." Such an objection presents no grounds for appeal.

"It has been held many times that a general objection is too vague and indefinite to present any question for decision either [by] the trial court or by the appellate courts."[6] To preserve a ground for error, the objecting party must state the specific ground upon which the objection is based; the objecting party must do more than merely state that he objects.[7] The generalized objection made here was insufficient to notify the trial court of the legal ground so that its applicability could be measured and error avoided. The alleged error was not preserved, and this Court will not consider it.[8]

3. Maxwell contends the trial court erred in allowing evidence showing that he may have been in a gang. According to Maxwell, this evidence improperly raised the issue of his character. However, the record shows that while Maxwell's co-defendant objected to the introduction of this evidence, Maxwell did not join his co-defendant's objection or make any argument regarding the evidence. And, it is well established that an issue raised by a co-defendant at trial does not preserve the issue for another co-defendant who does not join in the objection.[9] Maxwell waived any objection by failing to adopt his co-defendant's objection.

---

[5] See *Cowan v. State*, 243 Ga. App. 388, 389-390 (1) (531 SE2d 785) (2000).

[6] (Citations and punctuation omitted.) *Snow v. State*, 213 Ga. App. 571 (1) (445 SE2d 353) (1994); *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

[7] *Lancaster v. State*, 253 Ga. App. 224, 225 (2) (558 SE2d 772) (2002); *Fletcher v. State*, 199 Ga. App. 756, 757 (406 SE2d 245) (1991).

[8] See *Lancaster*, supra; *Fletcher*, supra.

[9] See *Lewis v. State*, 271 Ga. 500, 501 (2) (521 SE2d 193) (1999); *Smith v. State*, 213 Ga. App. 207, 208 (1) (444 SE2d 146) (1994); *Barnes v. State*, 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983).

Moreover, even had the issue been properly preserved for appeal, the enumeration of error would be without merit because the evidence was relevant and admissible to show motive. The state's theory in this case was that Maxwell and James were members of a gang and that Holmes was being initiated into the gang by participating, albeit unknowingly, in this home invasion and armed robbery. The state is authorized to present evidence of a defendant's motive for allegedly committing a criminal act, and "[w]hen that motive directly involves [one's] membership in an unsavory group, the relevant and material evidence does not become inadmissible because it may incidentally put [one's] character or reputation into evidence."[10] The trial court did not abuse its sound discretion in admitting the evidence at issue.[11]

4. Maxwell argues that "[t]he admission of testimony of convicted felons who clearly had reasons to commit perjury before the court presented harmful, improper and prejudicial evidence against [him], and as such should not have been permitted." This argument challenges the credibility of three witnesses, including Maxwell's codefendant. Although three of the witnesses may have been convicted felons, the credibility of their testimony was for the jury to resolve.[12] Maxwell was free to attempt to impeach the witnesses by any means authorized, but the credit to be given to the witnesses' testimony was for the jury to decide.[13] We find no error in the trial court's admission of the witnesses' testimony.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 4, 2004.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.

---

[10] *Clark v. State*, 271 Ga. 6, 9 (4) (515 SE2d 155) (1999); see also *Edge v. State*, 275 Ga. 311, 312-313 (3) (567 SE2d 1) (2002).

[11] *Edge*, supra.

[12] See *Render v. State*, 267 Ga. 848 (483 SE2d 570) (1997); *Young v. State*, 153 Ga. App. 454, 455 (265 SE2d 362) (1980).

[13] *Hayes v. State*, 249 Ga. App. 857, 865 (7) (549 SE2d 813) (2001).