### A05A0019. RAZINHA v. THE STATE.
(615 SE2d 649)

ADAMS, Judge.

Robert Edward Razinha was convicted following a jury trial of aggravated assault upon a peace officer, obstruction of a law enforcement officer and reckless driving. He appeals following the denial of his motion for new trial, challenging the sufficiency of the evidence to support the aggravated assault conviction.

The evidence at trial, construed to support the jury's verdict, shows that on the night in question, Razinha had an argument with his wife which turned into a physical altercation. Razinha loaded up his belongings in his truck and left the residence. His wife called 911. While she was on the phone with police dispatch, Razinha returned and re-entered the residence. Officer Johnson arrived and, after observing signs that a physical struggle had taken place, attempted to place Razinha under arrest. Razinha resisted, and Ms. Razinha again called 911 to ask for assistance for Officer Johnson. Razinha was able to get away from Officer Johnson and run out the door; Officer Johnson pursued him on foot, but was unable to catch him. Razinha made his way back to his truck and was able to escape, circumventing Officer Johnson's car which was parked behind him.

Officer Johnson called in a description of Razinha's truck, which was spotted by officers from the Dalton Police Department. Three police vehicles began pursuing Razinha. Razinha called his wife from his mobile phone and told her to tell the officers to back off or he would collide his vehicle with their vehicles and try to kill them. Officer Johnson, who was still in the home with Ms. Razinha, relayed this message to police dispatch, who notified the pursuing officers.

Some of the officers involved in the chase also testified at trial. They described Razinha's driving as erratic and without concern for the safety of other drivers. Testimony was also presented that during the chase Razinha swerved toward one of the pursuing vehicles, forcing the officer to go off the pavement to avoid a collision. This officer testified that he was positive that Razinha was able to see his vehicle when he swerved toward him, and that Razinha continued to try to pull into him and run him off the road. The State also introduced videotapes made during the chase to show the officer's car being forced off the road.

Trooper Thomas with the Georgia State Patrol testified that he joined the chase on Interstate 75. Trooper Thomas testified that he determined that he needed to stop Razinha before his dangerous driving resulted in injury to other motorists, so he used what is called a "pit maneuver" to cause Razinha's vehicle to spin out of control. This ended the chase.

Razinha also testified at trial. Razinha testified that he and his wife argued, and he admitted pushing her but denied any other physical violence. He also admitted that he resisted Officer Johnson's efforts to arrest him, but he denied any violence was involved in the resistance. Likewise, he admitted he did not stop his vehicle for the officers but denied trying to hurt the officers. He said he did not intentionally try to run any of the officers off the road but that he could not see out of one side of his truck because his belongings were blocking his view. Razinha also denied calling his wife and threatening the officers involved in the chase.

Razinha points to these conflicts in the evidence and argues his conviction should be reversed. But it was for the jury and not this Court to assess witness credibility and resolve any conflicts and inconsistencies in the evidence. *Maxwell v. State*, 267 Ga. App. 227 (1) (599 SE2d 228) (2004). "We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the jury's verdict. Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter." (Citation, punctuation and footnote omitted.) *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003). Here the jury resolved the conflicts against Razinha and in favor of the State. Since our review shows the evidence presented was sufficient to enable the jury to find each element of the crime charged beyond a reasonable doubt, we will not disturb the verdict.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 9, 2005.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.